# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LEE ERNEST DAVIS, JR.,** | ] |
| | ] |
| **Petitioner,** | ] |
| | ] Case No.: 2:16-cv-00824-ACA-JEO |
| v. | ] |
| | ] |
| **WARDEN CHRISTOPHER GORDY, et al.,** | ] |
| | ] |
| **Respondents.** | ] |

## **MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on January 31, 2019, recommending that the court dismiss Petitioner's 28 U.S.C. § 2254 petition for habeas corpus relief. (Doc. 14). On February 11, 2019, Petitioner filed objections to the report and recommendation. (Doc. 15). On February 25, 2019, Petitioner supplemented his objections. (Doc. 16).

Petitioner argues that the court should not dismiss his claims as untimely because he is entitled to equitable tolling and because he is actually innocent of the offenses. (Doc. 15 at 2). However, Petitioner did not raise these arguments in his petition or his response. (Doc. 1; Doc. 9). Moreover, Petitioner only makes conclusory allegations in his objections that he is entitled to equitable tolling and actually innocent of the offenses without offering any factual support of the same. Accordingly, Petitioner is not entitled to equitable tolling and his claims are barred

by the statute of limitations.

Petitioner reasserts his claims that the trial court erred when it denied his motions and petitions for a reduced sentence under Ala. Code § 13A-5-9.1 and *Kirby v. State*, 899 So. 2d 968 (Ala. 2004). (Doc. 15 at 1–3). However, Petitioner does not address the magistrate judge's conclusion that any claim that Alabama courts failed to follow their own laws regarding petitioner's eligibility for a reduced sentence under § 13A-5-9.1 is not cognizable in a federal habeas action. *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Curry v. Culliver*, 141 Fed. App'x 832, 834 (11th Cir. 2005).

Moreover, Petitioner has not shown how the trial court's failure to reduce his sentence under Ala. Code § 13A-5-9.1 violates his constitutional rights to due process or equal protection. Petitioner merely states that he should have been afforded "the exact same relief" as defendants in other criminal cases who had counsel and received a sentence reduction. (Doc. 15 at 3). Petitioner reasons he was denied a sentence reduction because he did not have money to hire counsel. (*Id.*). However, Petitioner fails to show that other defendants were granted a sentence reduction because of their race, religion, or some other constitutionally protected basis in order to state an equal protection claim. *See Sweet v. Sec'y, Dept. of Corrs.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006). Evidence which merely

indicates disparity of treatment of even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *See McCleskey v. Kemp*, 481 U.S. 279, 292–94 (1987). Accordingly, Petitioner's due process and equal protection claims are due to be dismissed.[1]

Having carefully considered *de novo* all of the materials in the court file, including the report and recommendation and the objections thereto, the court **ADOPTS** the report and **ACCEPTS** the recommendation. The court **ORDERS** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the above-styled cause is due to be denied and dismissed with prejudice. A separate order will be entered.

The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that

---

[1] Petitioner also argues that the magistrate judge failed to follow Ninth Circuit Court of Appeals' case law when analyzing his due process and equal protection claims. (Doc. 16 at 1). However, this court is bound by case law from the Eleventh Circuit Court of Appeals, not the Ninth Circuit. *See Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) ("[A] district court in this circuit is bound by this court's decisions."); *Springer v. Wal-Mart Assocs.' Group Health Plan*, 908 F.2d 897, 900 n.1 (11th Cir. 1990) ("[T]he district court is bound by controlling *Eleventh Circuit* precedent.") (emphasis in original).

"the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds petitioner's claims do not satisfy either standard.

**DONE** and **ORDERED** this March 7, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE